United States District Court
District of Connecticut
FILED AT HARTFORD

9/4/09 20

Roberta D. Tabora, Clerk

By
Deputy Clerk

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Konrad Korzeniowski :
Plaintiff, :
v. :                          Civil No: 3:09 CV 1408 WWE

The Regional Adjustment Bureau Inc :
James Stephen Smith-President :
Bobbie Fleming Compliance :
Nancy Rhoads, Director :
Patti Martin- Collection Manager :      **Demand: Jury Trial**
Pugh Robert- Vice President :            Date: September 01, 2009
Smith Margaret- Treasure :

## COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF

Plaintiff Konrad Korzeniowski, for its Complaint alleges; Plaintiff brings this action under Sections

5(a), 5(m) (1)(a), and 13 (b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§45(a),

45(m)(1)(a) , and 53(b), to secure permanent injunctive relief and other equitable relief, including

rescission, reformation, redress and disgorgement, against defendants for engaging in unfair and

deceptive acts  and practice in violation of Section 5(a) of the FTC Act, as amended, 15 U.S.C. § 45(a),

and acts or practices in violation of the Fair Debt Collection Practices Act( "FDCPA"),15 U.S.C § 1692

et seq., as amended, and the Fair Credit Reporting Act ( "FCRA"), 15 U.S.C.  § 1681 et seq., FCBA,

True in Lending ACT ( "Titla"),  as amended, and to obtain a monetary civil penalty for violation of

the FDCPA, FCRA, FCBA, True in Lending ACT ( "Titla")

## JURISDICTION AND VENUE

1. United States District Court for Hartford District of Connecticut has subject matter jurisdiction over this action pursuant to 28 U.S.C §§ 1331, 1337(a), and 1345, and 15 U.S.C §§ 45(a), 53(b), and 1691 l. This action arises under 15 U.S.C. § 45 (a) and 15 U.S.C. §16921.

2. Venue in the District Court in Hartford of Connecticut is proper under 28 U.S.C §§ 1391(b) and (c), and 15 U.S.C. § 53(b).

3. At all times material to this complain, Defendants have maintained a substantial course of trade in the collection of debts, in or affecting commerce, as " commerce" is defined in Section 4 of the FTC Act, 15 U.S.C §44

## PARTIES

4. Plaintiff Konrad Korzeniowski, a consumer living on 51 Rackliffe Drive, New Britain Connecticut 06051

5. Defendant, Regional Adjustment Bureau, Inc 7000 Goodlett Farms Parkway, Memphis TN 38016,

6. Defendant James Stephen Smith President of Regional Adjustment Bureau, doing business at RAB Inc P.O Box 34119 Memphis TN 38184, 7000 Goodlett Farms Parkway, Memphis TN 38016

7. Defendant Bobbie Fleming a Compliance Officer of Regional Adjustment Bureau, doing business at RAB Inc P.O Box 34119 Memphis TN 38184, 7000 Goodlett Farms Parkway, Memphis TN 38016

8. Defendant Nancy Rhoads a Director of Regional Adjustment Bureau, doing business at RAB Inc P.O Box 34119 Memphis TN 38184, 7000 Goodlett Farms Parkway, Memphis TN 38016

9.  Defendant Patti Martin a collection Manager of Regional Adjustment Bureau, doing business at RAB Inc P.O Box 34119 Memphis TN 38184, 7000 Goodlett Farms Parkway, Memphis TN 38016

10. Defendant Pugh Robert Vice President of Regional Adjustment Bureau, doing business at RAB Inc P.O Box 34119 Memphis TN 38184, 7000 Goodlett Farms Parkway, Memphis TN 38016

11. Defendant Smith Margaret a Treasure of Regional Adjustment Bureau, doing business at RAB Inc P.O Box 34119 Memphis TN 38184, 7000 Goodlett Farms Parkway, Memphis TN 38016

12. At all times relevant to this Complain, Defendant has transacted business in the 7000 Goodlett Farms Parkway, Memphis TN 38016

13. Defendant is a debt collector as "debt collector" is defined in Section 803(6) of the FDCP Act, 15 U.S.C §1692a (6).

14. The term" consumer" as used in this Complaint means any person obligated or allegedly obligated to pay any debt , as " debt" is defined in Section 803(5) of the FDCP Act, 15 U.S.C §1692a(5)

## FAIR DEBT COLLECTION PRACTICE ACT

15. In 1977, Congress passed the FDCP Act, 15 U.S.C § 1692-1692o, which became effective on March 20, 1978, and has been in force ever since that date. Section 814 of the FDCP Act, 15 U.S.C § 1692l, authorizes the Commission to use all of its functions and powers under the FTC Act to enforce compliance with the FDCP Act by any debt collector, irrespective of whether that debt collector is engaged in commerce or meets any other jurisdictional test set by the FTC Act, including the power to enforce the provisions of the FDCP Act in the same manner as if the violations were violations of the Federal Trade Commission trade regulation rule.

## VIOLATION OF SECTION 5 OF THE FTC ACT

16. _ Section 5(a) of the FTC act, 15 U.S.C §45(a), prohibits unfair or deceptive acts or practices in

or affecting commerce

### COUNT ONE

## VIOLATION OF THE FAIR CREDIT REPORING ACT

17. Plaintiff incorporates by reference all of the foregoing paragraphs

18. In numerous instances, in the course and conduct of their business, defendants have furnished

information relating to consumer a consumer reporting agency when defendants knew or

consciously avoided knowing that the information was inaccurate, and when defendant have

not , clearly and conspicuously, specified to consumers an address for mailing notices

disputing said information

19. The acts and practices alleged in paragraph 6 constitute violations of Section 623(a) (1) (a) of

the FCRA, 15 U.S.C §1681 s-2(A) (1) (A).

20. Pursuant to Section 621 ( a) (1) of the FCRA, 15 U.S.C Sec. 1681s( a) (1), the acts and practices

alleged in paragraph 48 also constitute unfair or deceptive acts or practices in violation of

Section 5(1) of the FTC Act, 15 U.S.C. § 45(a)

21. Defendants regularly and in the ordinary course of business furnish information to  one or

more consumer reporting agencies about their transactions or experiences  with consumers,

and thus must comply with the provisions of Section 623(a)(2) of the FCRA, 15 U.S.C § 1681 s-

2(a)(2)

22. In numerous instances in which defendants have furnished to a consumer reporting agency

information that defendants determined is not complete and accurate defendants have failed

to promptly notify the consumer reporting agency of that determination and provide to the

agency and corrections to that information , or any additional information , that was necessary

1    to make the information provided by the defendants to the agency complete and accurate; and

2    defendants thereafter furnished to the agency information that remained incomplete and

3    inaccurate

4   23. The acts and practices alleged in paragraph 10 constitute violations of Section 623(a)(2) of the

5    FCRA, 15 U.S.C § 1681s-2(a) (2)

6   24. Pursuant to Section 621 (a) (1) of the FCRA, 15 U.S.C § 1681)(a)(1), the acts and practices

7    alleged in paragraph 54 also constitute unfair or deceptive acts or practices in violation of

8    Section 5(a) of the FTC Act, 15 U.S.C § 45(a).

9   25. In numerous instances in which consumer have informed Regional Adjustment Bureau that

10    they dispute information furnished by consumer to a consumer reporting agency, defendants

11    have not reported the disputes to any or all of the consumer reporting agencies to which they

12    furnish or have furnish or have furnished the information

13   26. The acts and practices alleged in paragraph 13 constitute violation of Section 623(a) (3) of the

14    FCRA, 15 U.S.C §1681s-2(a) (3).

15   27. Pursuant to Section 621 (a) of the FCRA, 15 U.S.C § 1681 s ( a) (1), the acts and practices

16    alleged in paragraph 17 also constitute unfair or deceptive acts or practices in violation of

17    Section 5 (a) of the FTC Act, 15 U.S.C § 45(a) and Violation of Fair Credit Reporting act

18    Pursuant to Sixth Circuit Rule 24,1998 FED App. 0182 (6 th Cir.) File Name: 98a0182p.06

19    UNITED STATES COURT OF APPEALS FOR THE SIXT CIRCUIT , Regional Adjustment Bureau

20    alleging a violation of the FCRA, 15 U.S.C 1681 et. Seq, As a general rule, a person is proceeding

21    under false pretenses when he/she (1) knowingly and willfully obtains a consumer report for a

22    purpose that is not sanctioned by the FCRA and (2) fails to disclosure her/his true motivation

23    to the consumer reporting agency. See Northrop v.Hoffman of Simsbury,Inc.,134 F.3d 41 , 46

24    n.6( 2d Cir.1997); Zamara v. Valley Fed. Sav.&Loan Ass'n, 811 F.2d 1368, 1370-71( 10th Cir.

25    1987); cf.Kennedy, 747 F.2d at 370 ( (Wellford,J. concurring). Permissible Purposes under the

26    

FCRA Section 1681b of the FCRA lists the purposes for which a party may obtain a consumer report: A consumer reporting agency may furnish a consumer report under the following circumstances and no other:(3) To a person which it has reason to believe--(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or (B) intends to use the information for employment purposes; or (C) intends to use the information in connection with the underwriting of insurance involving the consumer; or (D) intends to use the information in connection with a determination of the consumer's eligibility for a license . . . or(E) otherwise has a legitimate business need for the information in connection with a business transaction involving the consumer. While a lawsuit occasionally may give rise to a "legitimate business need" for a consumer report, *see Spence v. TRW, Inc.*, 92 F.3d 380 (6th Cir. 1996), trial preparation generally does not fall within the scope of ? 1681b. *See Mone*, 945 F.2d at 308; *Houghton*, 795 F.2d at 1149; *see also Allen v. Calvo* 832 F. Supp. 301, 303 (D. Or. 1993) (finding that? 1681b does not permit a party to obtain a consumer report in connection with a criminal investigation and prosecution). In the limited instances where courts have allowed parties to obtain consumer reports pursuant to? 1681b (3)(E) for use in litigation, the legal dispute typically has related to the collection of a debt owed by the consumer. In *Allen v. Kirkland & Ellis*, for example, a district court permitted a law firm to obtain a consumer report to prepare for litigation over funds owed to its client. *See* 1992 WL 206285 at *2 (N.D. Ill. 1992); *see also Zeller v. Samia*, 758 F. Supp. 775 (D. Mass. 1991). In finding that ? 1681b(3)(E) applied, the *Allen* court emphasized, "The legal dispute which justified Kirkland & Ellis' request for plaintiff's credit report related to the collection of an alleged business debt. A different result may have been reached if the report had been acquired in connection with litigation that did not involve liability for a commercial obligation deriving from a business transaction between

Page **6 of 21**

the parties." *Id.* at *3 n.4. This interpretation of ? 1681b(3)(E) comports with the rule of ejusdem generis. So long as the lawsuit involves the collection of a debt, the attorney is likely to procure the consumer report for a purpose analogous to those enumerated in ? 1681b. *See* ? 1681b(3)(A) (permitting reports to be obtained "in connection with a credit transaction involving the . . . collection of an account."). As a lawsuit moves outside the realm of debt collection, however, it is less likely--although not altogether impossible--that an attorney will obtain the report for a purpose that is within the purview of ? 1681b. *Cf. Spence,* 92 F.3d at 383 (explaining that an agency may furnish a consumer report to a utility company that is being sued for alleged false reporting of a past-due debt). The Ninth Circuit has commented "that a user cannot . . . obtain consumer information for a purpose not permitted under ? 1681b without a false pretense." *Hanson v. Morgan,* 582 F.2d 1214, 1219 (9th Cir. 1978). In *Kennedy,* however, Judge Wellford disagreed with this statement because it did not reflect the requirement of ? 1681q--which forms the basis for civil liability under ? 1681n--that a person act *knowingly* and *willfully. See Kennedy,* 747 F.2d at 370 (Wellford, J., concurring). Given this requirement, we agree with Judge Wellford that, in order to incur civil liability for operating under false pretenses, a party must act willfully and purposefully "with a motivation to injure." *Id.* This interpretation comports with the language of ? 1681n, which imposes liability for "willful noncompliance" with the FCRA. *Cf. Aetna Cas. & Sur. Co. v. Sunshine Corp.,* 74 F.3d 685, 688 (6th Cir. 1996) (discussing the consequences of willful and negligent noncompliance with the FCRA and citing ? 1681n only in reference to willful noncompliance); *Comeaux v. Brown & Williamson Tobacco Co.,* 915 F.2d 1264, 1273 n.11 (9th Cir. 1990) (same). This interpretation is also consistent with that of other circuits which, when confronted with a claim that a party is civilly liable for proceeding under false pretenses, have inquired whether the party acted knowingly and willfully. *See Zamora,* 811 F.2d at 1370-71; *see also Northrop,* 134 F.3d at 48 n. 10. Regional Adjustment Bureau has intentionally and willfully violated the fair Credit

1    Reporting Act (FCRA or the ACT) , 15.U.S.C § 1681 et.Seq. Bakker v.McKinnon,Civil No. 96-5112

2    ( W.D.Ark. July 21, 1997). In 1996 § 1681b was amended and the "business need" exception

3    was renumbered as § 1681b(a)(3)(F). That subsection now provides that a party may obtain a

4    report

5    if it "otherwise has a legitimate business need for the information–– (i) in connection with a

6    business transaction that is initiated by the consumer; or (ii) to review an account to determine

7    whether the consumer continues to meet the terms of the account." Consumer Credit Reform Act of

8    1996, Pub. L. No. 104-208, § 2403, 110 Stat. 3009, 3009-430 (1996). Because the 1996 amendment

9    does not apply here (its effective date was 365 days after September 30, 1996), our statutory

10   analysis-7- does not consider it. See Duncan v. Handmaker, No. 96-6523, 1998 WL 292256, at *2n.3

11   (6th Cir. June 8, 1998) (noting 1996 amendment arguably restricts scope of business need

12   exception), citing Northrop v. Hoffman of Simsbury, Inc., 134 F.3d 41,45 n.5 (2d Cir. 1997). A

13   showing of malice or evil motive is not required to prove willfulness. Under UNITED STATES

14   COURT OF APPEALS FOR THE FOURTH CIRCUIT Richard J.Dalton vs. Capital Associated Industries,

15   No. 00-2337under the Act. See, e.g., Stevenson v. TRW, Inc., 987 F.2d 288,294 (5th Cir. 1993); Yohay

16   v. City of Alexandria Employees CreditUnion, 827 F.2d 967, 972 (4th Cir. 1987). The plaintiff must

17   onlyshow that the defendant "knowingly and intentionally committed an act in conscious disregard

18   for the rights" of the consumer. Pinner v.Schmidt, 805 F.2d 1258, 1263 (5th Cir. 1986). See also

19   Stevenson,987 F.2d at 294; Yohay, 827 F.2d at 972. Even though summary judgmentis "seldom

20   appropriate" on whether a party possessed a particular state of mind, evidence that CAI acted

21   willfully is wholly lacking.See Magill v. Gulf & W. Indus., Inc., 736 F.2d 976, 979 (4th Cir.1984). In the

22   SUPREME COURT OF THE UNITED STATES Safeco Insurance Company of America et.Al. Petitioners,

23   vs. Charless Burr.Et.AL ,Question Presented Whether the Ninth Circuit erred in holding that a

24

25

26

1    defendant can be found liable for a "willful" violation of the Fair Credit Reporting Act ("FCRA") upon
2    a finding of

3    "reckless disregard" for FCRA's requirements, in conflict with the unanimous holdings of other
4    circuits that "willfulness" requires actual knowledge that the defendant's conduct violates FCRA.
5    This case presents a square circuit conflict on an important and recurring question of federal
6    statutory construction.

7

8         Under § 616 of the Fair Credit Reporting Act, 15U.S.C. §§ 1681 *et seq.* ("FCRA"), defendants
9    can be held liable for actual damages or statutory damages of up to$1,000 per violation, punitive
10   damages, attorney's fees, and costs for any "willful" violation of FCRA's substantive requirements.
11   15 U.S.C. § 1681n.1 Unlike other federal consumer credit provisions, such as the Truth in Lending
12   Act, 15 U.S.C. § 1640(a)(2)(B), and the Equal Credit Opportunity Act, 15 U.S.C. § 1691e(b), FCRA
13   contains no limit on the amount of damages (actual, statutory, or punitive) that can be recovered in
14   a consumer classaction.2 Under the settled law of all other circuits to address the issue, liability for
15   "willful" conduct must be based upon a showing that the defendant knew that its conduct violated
16   FCRA. In the decision below, however, the Ninth Circuit departed from this unanimous view and
17   held that insurers, banks, and the many other businesses covered by FCRA can be held liable under
18   § 616 in circumstances where they act with "reckless disregard" of the law's requirements. The
19   decisions of the Sixth, Seventh, and Eighth Circuits are in accord with the decisions of every other
20   court of appeals to address the *mens rea* required under § 616 – including the Second, Third,
21   Fourth, Fifth, and Tenth Circuits. Each of these courts has stated that "willfulness" requires
22   "knowingly and intentionally" committing an act in "conscious" or "deliberate and purposeful"
23   disregard of the statutory requirements of FCRA.

24        In the words of the Fourth Circuit, "[t]o prove willfulness under [§ 616 of FCRA], [p]laintiffs
25   must 'show that the defendant knowingly and intentionally committed an act in conscious

1    disregard for the rights of the consumer.'" *Ausherman v. Bank of Am. Corp.*, 352 F.3d 896, 900 (4th

2    Cir. 2003) (quoting *Dalton v. Capital Assoc. Indus., Inc.*, 257 F.3d 409, 418 (4th Cir. 2001)); *see*

3    *Northrop v. Hoffman of Simsbury, Inc.*, 12 F. App'x 44, 50 (2d Cir. 2001) ("[t]o show willful

4    noncompliance, a plaintiff must show that a defendant 'knowingly and intentionally committed an

5    act in conscious disregard for the rights of others'") (quoting

6    *Bakker*, 152 F.3d at 1013); *Philbin v. Trans Union Corp.*,101 F.3d 957, 970 (3d Cir. 1996) ("[t]o show

7    willful noncompliance with the FCRA, [a plaintiff] must show that defendants 'knowingly and

8    intentionally committed an act in conscious disregard for the rights of others'") (quoting *Pinner v.*

9    *Schmidt*, 805 F.2d 1258, 1263 (5th Cir. 1986));7 *Stevenson*, 987 F.2d at 293 ("To be found in willful

10    noncompliance defendant must have 'knowingly and intentionally committed an act in conscious

11    disregard for the rights of others.'") (Quoting *Pinner*, 805 F.2d at 1263); *Cousin v. Trans Union Corp.*,

12    246 F.3d 359, 372 (5th Cir. See (The Ninth Circuit purported to follow the Third Circuit's decision

13    in *Cushman v. Trans Union Corp.*, 115 F.3d 220 (3d Cir. 1997). In that case, the Third Circuit panel

14    reiterated its prior holding in *Philbin* that willful noncompliance requires that a defendant "

15    'knowingly and intentionally committed an act in *conscious* disregard for the rights of others,' " *id.* at

16    226 (quoting *Philbin*, 101 F.3d at 970) (emphasis added), but it then proceeded to state, without

17    explanation for the change, that Trans Union could be liable for punitive damages under

18    § 616 if it acted "knowing [its actions] to be in contravention of the rights possessed by consumers

19    pursuant to FCRA or in *reckless* disregard of whether" its actions were lawful, *id.* at 227 (emphasis

20    added).In light of its recitation of the prior holding in *Philbin*, which clearly requires actual

21    knowledge, the *Cushman* opinion cannot plausibly be said to hold that "reckless disregard" satisfies

22    the "willfulness" standard under § 616. 2001) (same); *Sapia v. Regency Motors of Metairie, Inc.*, 276

23    F.3d 747, 753 (5th Cir. 2002) ("For [a] violation to be 'willful,' . . . a defendant's course of conduct

24    must exhibit a 'conscious disregard' for or entail 'deliberate and purposeful' actions taken against a

25    plaintiff's rights.") (quoting *Cousin*, 246 F.3d at 372; *Zamora v. Valley Fed. Sav. & Loan Ass'n*, 811

26   

1  F.2d 1368, 1369 (10th Cir. 1987) (per curiam) (liability under § 616 must be predicated on afinding

2  that defendant acted "willfully and knowingly"). The requirement that the defendant act "knowingly

3  and intentionally" and in "conscious" or "deliberate and purposeful "disregard plainly entails an

4  intentional refusal to abide by known legal requirements. As the Eighth Circuit explained in *Phillips*,

5  "under this formulation the defendant must commit the act that violates the [FCRA] with

6  knowledge that he is committing the act and with intent to do so, and he must also be conscious

7  that his act impinges on the rights of others." 312 F.3d at 368. Indeed, whenever these circuits have

8  applied the *mens rea* requirement of § 616 to the facts of a particular case, they have inquired

9  whether there was evidence showing that the defendant knew that his conduct violated the law.

10  *See, e.g., Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 476 (2d Cir. 1995) (rejecting plaintiffs'

11  Rule 60(b) motion because proffered evidence "does not support the kind of 'conscious disregard'

12  or 'deliberate and purposeful' actions necessary to make out a claim for willful noncompliance

13  under the FCRA") (citing *Pinner*, 805 F.2d at 1263); *Yohay*, 827 F.2d at 972 & n.8 (upholding jury's

14  verdict for plaintiff under § 616 only after finding "considerable evidence" that defendant credit

15  union "consciously ignored" plaintiff's rights because its manager "acted purposefully and with full

16  knowledge of what she was doing"); *Zamora*, 811 F.2d at 1370-71 (affirming jury verdict of willful

17  violation under § 616 because trial testimony indicated that bank employees "knew the permissible

18  purposes for obtaining consumer reports" and "knew they could not access the records of a spouse

19  when checking the credit of an individual"). The split among the circuits is thus wide and well

20  developed.

21         Eight circuit courts have held that "willfulness" requires a knowing or intentional violation,

22  and three circuits have specifically rejected the Ninth Circuit's "reckless disregard" standard. Only

23  the First, Eleventh, and D.C. Circuits have not expressed a view on the issue. There is no indication

24  that this division will be resolved with further percolation. In *Duncan v. Handmaker*, 149 F.3d 424

25  (6th Cir. 1998),the Sixth Circuit similarly held that civil liability for"willful noncompliance" requires

26  Page **11** of **21**

1    that "the party acted knowingly and willfully." *Id.* at 429. Regional Adjustment Bureau has excellent

2    knowledge of violation Fair Credit Reporting act base on of case Kennedy v. Border City Sav 747 F

3    2nd. On this basis, the court held that defendants "cannot be held civilly liable" for obtaining a

4    consumer credit report for an improper purpose, in violation of 15 U.S.C. § 1681b, "'under what is

5    believed to be a proper purpose under the statute but which a court . . . later rule[s] to be

6    impermissible legally under § 1681b.'" *Id.* (quoting *Kennedy v. Border City Sav. & Loan Ass'n*, 747

7    F.2d 367, 370 (6th Cir. 1984) (Wellford, J., concurring)) (alterations in original); *accord Bach v. First*

8    *Union Nat'l Bank*, 149 F. App'x 354, 364 (6th Cir. 2005) (for plaintiff to be eligible for punitive

9    damages under § 616, "the defendant must have committed a willful violation by knowingly and

10   intentionally committing an act in conscious disregard for the rights of others"). The Sixth Circuit's

11   decision in *Duncan* is at odds with the Ninth Circuit's holding below that defendants *can* be held

12   civilly liable for "willful noncompliance," notwithstanding the lack of any judicial decision

13   establishing FCRA's applicability to initial policies of insurance, and therefore the lack of any

14   knowledge that its failure to provide notice was in violation of § 615. Likewise, the Seventh Circuit

15   in *Wantz v. Experian Information Solutions*, 386 F.3d 829 (7th Cir. 2004), held, in agreement with

16   the Eighth Circuit's decision in *Phillips*, that, "[t]o act willfully, a defendant must knowingly and

17   intentionally violate the Act, and it 'must also be conscious that [its] act impinges on the rights of

18   others.'" *Id.* at 834 (quoting *Phillips*, 312 F.3d at 368) (second alteration in original); *accord Ruffin-*

19   *Thompkins v. Experian* 16 *Info. Solutions, Inc.*, 422 F.3d 603, 610 (7th Cir. 2005) (quoting *Wantz*).

20   ## CIVIL PENALTIES FOR VIOLATIONS OF THE FCRA

21

22   28. Except as to violations of Section 623(a) (1), 15 U.S.C § 1681s-2(a)(1) , each instance in which

23   each defendant has violated the FCRA. FTC has amended FCRA after September 30,1997, the

24   date that the amended FCRA went into effect providing for civil penalties for violates of the

25

26

1    law, constitute as separate violation of the FCRA for which plaintiff seeks monetary civil

2    penalties under Section 621 of the FCRA, 15 U.S.C § 1681s

3    29. In the event of a knowing violation, which constitutes a pattern or practice of violation of

4    the FCRA, Section 621 of the FCRA authorizes the Court to award monetary civil penalties

5    of not more than $2,500 per violation for violations occurring after September 30, 1997.

6

7                                         **COUNT 2**

8    30. On numerous occasions, in connection with the collection of debts, the Defendants have

9    represented to consumers, expressly or by implication, that if the consumer does not pay the

10   defendants, the defendants can and will take actions that will have a significant adverse effect

11   on the consumer's credit report.

12   31. In true and in fact, a consumer's failure to pay the Defendants cannot and will not have a

13   significant adverse effect on consumer's credit report when a debt is disputed .

14   32. Therefore , the Defendant's representations as set forth in Paragraph 39 are false or

15   misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act,

16   15 U.S.C §45(a)

17

18                                        **COUNT 3**

19   33. On numerous occasions , in connection with the collection of debts, the defendants have

20   represented to consumers, expressly or by implication, that;

21        a.  The consumer can be arrested or imprisoned for failing to pay the Defendants;

22        b.  The consumer has a legal obligation to pay to the Defendants; or

23        c.  If consumer does not pay the Defendants, the Defendants can or will take formal

24            legal action against the consumer, such as filling suit, seizing or attaching property ,

25            or garnishing wages.

26                                   Page **13** of **21**

1    34. In true and in fact:

2        a.  The consumer cannot be arrested or imprisoned for failing to pay the Defendants;

3        b.  The consumer is not legally obligated to pay the Defendants if the debt is disputed

4            until verification is obtained; and

5        c.  If consumer does not pay the Defendants; the Defendants cannot or will not take

6            formal legal action against the consumer, such a filing suit, seizing or attaching

7            property, or garnishing wages.

8    35. Therefore, Defendants' representations as set forth in Paragraph 42 are false or misleading

9    and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C

10   §45(a).

11
                  **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
12

13                                         **COUNT 4**

14

15   36. On numerous occasions , in connection with the collection of a debts, the Defendants have

16   communicated with a consumer without the consumer's prior consent given directly to the

17   debt collector or the express permission of a court of competent jurisdiction;

18       a.  At the times or place that the Defendants knew or should have known to be

19           inconvenient to the consumer, including but not limited to communicating with the

20           consumer at the consumer's place of employment when the debt collector knew or

21           should have known that is inconvenient for the consumer to receive such

22           communications, in violation of Section 805(a)(1) of the FDCPA, 15 U.S.C §

23           1692c(a)(1); or

24

25

26                                    **Page 14 of 21**

b.  At the consumer's place of employment when the Defendants knew or had reason to know that the consumer's employer prohibited the consumer from receiving such communications, in violation of Section 805(a)(3) of the FDCPA, 15 U.S.C. §1692 c (a) (3).

## COUNT 5

37. On numerous occasions, in connection with the collection of debts, the Regional Adjustment Bureau have communicated with third parties for purpose other than acquiring location information about a consumer, without having obtained directly the prior consent of the consumer or the express permission of a court of competent jurisdiction , and when not reasonable necessary to effectuate a post judgment judicial remedy, in violation of Section 805(b) of the FDCPA, 15 U.S.C § 1692 c(b).

## COUNT 6

38. On numerous occasions, in connection with the collection of debts, Regional Adjustment Bureau have communicated with a consumer after the consumer has notified the Defendants in writing that the consumer refuses to pay a debt or that the consumer wished the debt collector to cease further communication with the consumer, in violation of Section 805 (c) the FDCPA, 15 U.S.C. § 1692c(c).

## COUNT 7

39. On numerous occasions , in connection with the collection of debts, the Defendants have engaged in conduct the natural consequence of which is to harass, oppress, or abuse, a person, in violation of Section 806 of the FDCPA, 15 U.S.C § 1692d, including, but not limited to;

Page **15** of **21**

1        a.  Using obscene or profane language or language the natural consequence of which is

2            to abuse the hearer, in violation of Section 806(2) of the FDCPA, 15 U.S.C §1692d(2);

3            and

4        b.  Causing a telephone to ring or engaging a person in telephone conversation

5            repeatedly or continuously with intent to annoy, abuse, or harass a person at the

6            number called, in violation of Section 806(5) of the FDCPA, 15 U.S.C. §1692d(5)

7

8 **COUNT 8**

9 40. On numerous occasions , in connection with the collection of a debt, Regional Adjustment

10     Bureau have used false, deceptive , or misleading representations or means, in violation of

11     Section 807 of the FDCPA, 15 U.S.C §1692e,including but not limited to;

12        a.  Falsely representing the character, amount, or legal status of any debt, in violation

13            of Section 807(2)(A) of the FDCPA, 15 U.S.C. § 1692e(2)(A);

14        b.  Falsely representing or implying that an individual is an attorney or that a

15            communication is from an attorney in violation of Section 807(3) of the FDCPA, 15

16            U.S.C §1692e(3);

17        c.  Falsely representing or implying that nonpayment of a debt will result in the arrest

18            or  imprisonment of a person or the seizure, garnishment or attachment of a

19            person's property or wages, when such action is not lawful or when the Defendants

20            have no intention of taking such action, in violation of Section 807(4) of the FDCPA,

21            15 U.S.C §1692e(4);

22        d.  Threatening to take action that is not lawful or the Defendants do not intend to take

23            , such a filing a lawsuit, in violation of Section 807(5) of the FDCPA, 15 U.S.C§

24            1692e(5);

25

26 Page **16** of **21**

e.   Threatening to communicate with any person credit information that the

Defendants know or should have know to be false, in violation of Section 807(8) of

the FDCPA, 15 U.S.C §1692e(8);or

f.   Using false representations or deceptive means to collect or attempt to collect a debt

or to obtain information concerning a consumer, in violation of Section 807(10) of

the FDCPA, 15 U.S.C § 1692e(10)

## COUNT 9

41. On numerous occasions , in connection with the collection of a debt, when the consumer has

notified the Defendants in writing within the thirty day period pursuant to Section 809(a) of

the FDCPA, 15 U.S.C §1692g (a), that the debt, or any portion thereof, is disputed, the

Defendants have continued to attempt to collect the debt before the verification of the debt

was provided to the consumer, in violation of Section 809(b) of the FDCPA, 15 U.S.C § 1692 g

(b)

## COUNT 10

## PENAL CODE

42. Plaintiff incorporates by reference all of the foregoing paragraphs

43. Plaintiff has been harassed numerous times by Defendant of filing a lawsuit if consumer does

not pay his obligation, after a validation letter has been sent out.

44. Defendant has harassing consumer on the phone of taking , execution wages, salary , or any

bonuses to satisfy consumer debt

45. Regional Adjustment bureau  took adverse action and  collecting a debt that has not been

verify  with is violation of Section 809(b) of the FDCPA, 15 U.S.C § 1692 g (b)

46. Konrad Korzeniowski suffer injury and will continue to suffer substantial injury as a result of defendants violation of Fair Debt Collection Practice Act, Fair Credit Reporting Act

### CIVIL PENALTY FOR VIOLATION OF PENAL CODE

47. Pursuant to Connecticut General Statue Sec 42-110 b Regional Adjustment bureau intentionally doing Unfair and Deceptive business practice and may be liability by law to maximum penalty of $25,000 for each violence and allowed by Penal Code Chapter 972 Volume 13, Title 53a, Sec53a-25 and Connecticut General Statue Sec 42-110b

48. Regional Adjustment bureau may be liability Class D Felony threatening 2nd degree up to $2,000 for each violence and class A felony of $5,000 and up to 1-5 years in prison.

49. Regional Adjustment bureau may be liability of Imprisonment for misdemeanor for class C misdemeanor Sec 53a-61(a)(3) and 53a-61a of Connecticut General Statue

### CONSUMER INJURY

50. Consumer Konrad Korzeniowski have suffered or will suffer substantial monetary loss as a result of the Defendants' violations of Section 5(1) of the FTC Act and the FDCPA. Absent injunctive relief by the Court, the Defendants are likely to continue to injury consumers and harm to the public interest.

### UNITED STATES DISTRICT COURT HARTFORD CONNECTICUT HAS A POWER TO GRANT RELIEF

51. Section 13(b) of the FTC Act, 15 U.S.C. §53(b), and Section 814(a) of the FDCPA, 15 U.S.C § 126921(A), empower this Court to grant injunctive and other ancillary relief, including consumer redress , disgorgement and restitution, to prevent and remedy any violations of any provision of law enforced by the FTC.

52. United States District Court of Hartford, Connecticut has a full power to punish Defendant Regional Adjustment Bureau for Unlawful and Deceptive Business Practices, Violation of FTC, FCBA, FCRA,FDCPA

53. United States District Court of Hartford Connecticut, in the exercise of its equitable jurisdiction, may award other ancillary relief to remedy injury caused by the Defendant's law violations.

**PRAYER FOR RELIEF**

Page **19** of **21**

WHEREFORE, plaintiff request that this Court, pursuant to Section 13(b) of the FTC Act U.S.C § 53(b), and Section 814(A) of the FDCPA, 15 U.S.C § 16921(a), Penal Code Chapter 972 Volume 13, Title 53a, Sec53a-25 and Connecticut General Statue Sec 42-110b, and pursuant to its own equitable powers;

1. Award plaintiff such preliminary injunctive and ancillary relief, including a temporary restraining order, asset freeze, and appointment of a receiver, as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief;

2. Permanently enjoin the Defendants from violating the FTC Act and The FDCPA;

3. Permanently enjoin the Defendants from engaging, directly or indirectly , in the occupation of debt collector;

4. Award such relief as the Court finds necessary to redress injury to consumers resulting from the Defendant's violations of the FTC Act and the FDCPA, including but not limited to, rescission of contracts, the refund of monies paid, and the disgorgement of ill-gotten gains by Defendants;' and

5. Award plaintiff the cost of bringing this action, as well as such other and additional relief as the Court may determine to be just a proper

6. Plaintiff total relief seeking as follow

   a. Statutory damages of: $110,000

   b. Punitive damages of: $250,000

   c. Criminal charges up to 7 years and $7,000 penalty

Respectfully submitted,

Konrad Korzeniowski

Konrad Korzeniowski
51 Rackliffe Drive
New Britain CT 06051
Phone:(860) 595-9436
Fax: 866-796-3839

1

Certificate of Services

2    I hereby certificate that copy of the foregoing document was mailed on September_____, 2009 to the
Defendant on files:

3

4    Regional Adjustment Bureau RAB Inc
James Stephen
5    Bobbie Fleming
Nancy Rhoads
6    Patti Martin
Pugh Robert
7    Smith Margaret
7000 Goodlett Farms Parkway,
8    Memphis TN 38016

9

10                                                    Respectfully submitted,

11

12                                                    Konrad  Korzeniowski
51 Rackliffe Drive
13                                                    New Britain CT 06051
Phone:(860) 595-9436
14                                                    Fax: 866-796-3839

15

16

17

18

19

20

21

22

23

24

25

26                                        Page 21 of 21